Argued October 2, reversed December 19, 1962

# KLOSS *v.* GLADDEN
377 P. 2d 146

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief was Robert Y. Thornton, Attorney General, Salem.

*William G. Paulus,* Salem, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

McALLISTER, C. J.

This is a proceeding under the Post-Conviction Hearing Act (ORS 138.510 to 138.680). The plaintiff, Gordon Jerome Kloss, was convicted in the circuit court of Multnomah county of the crime of statutory rape involving a child of the age of 13 years, and on May 22, 1959 was sentenced to the penitentiary for a term not exceeding nine years. He appealed to this court, which affirmed the conviction. *State v. Kloss,* 222 Or 237, 352 P2d 732 (1960).

Thereafter Kloss filed this proceeding in the circuit court for Marion county, alleging that the sentence imposed on him by the circuit court for Multnomah county was void because that court had failed to have him examined by a psychiatrist and to otherwise comply with the presentence procedure required by ORS 137.111 through 137.117. The circuit court for Marion county found that because the prescribed presentence procedure for sexual psychopaths was not complied with the sentence imposed on Kloss was void, and Kloss was remanded to the circuit court for Multnomah county for the imposition of a new sentence. From that order the defendant warden appeals.

In 1953 the legislature passed an act (ch 641, Oregon Laws 1953) providing for the special treatment of

persons convicted of certain sex crimes. These statutes dealing with sexual psychopaths were codified as ORS 137.112 et seq., and were amended in 1955 (ch 252 and ch 636, Oregon Laws 1955). In 1959 these statutes required that persons convicted of certain specified sex crimes, including statutory rape, the crime of which Kloss was convicted, (ORS 163.210), should be given a complete psychiatric examination at a state hospital by a qualified psychiatrist; that there should be furnished to the court a report of such examination, including a statement as to whether or not in the opinion of the psychiatrist "the convicted person has any mental or emotional disturbance, deficiency or condition predisposing him to the commission of any crime to a degree rendering the convicted person a menace to the health or safety of others"; that copies of the report should be furnished to the convicted person and to his attorney; and that unless waived, a presentence hearing should be held at which the district attorney and the convicted person might examine the psychiatrist concerning his report.

The statutes further provided that after the presentence hearing and upon the consideration of the psychiatric report, the court could "in its discretion, in lieu of any other sentence authorized by law for such crime, sentence any person convicted" of one of the specified sex crimes "to an indeterminate term not exceeding the natural life of such person."

Kloss in his amended petition in this proceeding alleges that failure to provide a psychiatric examination after conviction and before sentence was a substantial denial of his rights in violation of the Fourteenth Amendment to the Constitution of the United States. It is conceded that Kloss was not given a psychiatric examination as required by the sexual

psychopath statutes. The only question raised in his brief is whether the failure to provide such examination was a denial of due process of law as guaranteed by the Fourteenth Amendment.

■ We think the failure of the trial court to have Kloss examined by a psychiatrist and to otherwise comply with the sexual psychopath statutes did not amount to a "substantial denial" of petitioner's rights under the Constitution of the United States or the Constitution of Oregon.

We could well rest our decision in this case on *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055, cert. denied 366 US 974, 81 S Ct 1942, 6 LEd 2d 1263 (1961), in which we held that a denial of defendant's request for a poll of the jury was not a denial of due process and did not entitle petitioner to post-conviction relief. In that case we said:

> "The concept of due process cannot be expressed in precise terms. Broadly speaking, it denotes our sense of what constitutes fair play in the legal procedures under which a man is tried."

In this case the court sentenced Kloss to nine years under ORS 163.210, which authorized a sentence of imprisonment in the penitentiary for not more than 20 years. If Kloss had been examined by a psychiatrist and found to be a sexual psychopath he could have been sentenced to the penitentiary for an indeterminate term not exceeding his natural life. Assuming that the statute requiring the examination was mandatory, it is clear, nevertheless, that the court had full discretion to ignore the psychiatrist's findings and to sentence under the statute defining the crime. We can see no lack of fairness in a failure to follow a procedure that might have resulted in the imposition of

a life sentence instead of the sentence of nine years that was imposed.

Petitioner does not argue that a psychiatric examination is necessary to assure fairness in the sentencing of sexual psychopaths. He merely argues that because the statutes made the examination mandatory and he was not given such an examination, he was denied due process. As we have noted, a presentence examination of a suspected sexual psychopath was not required in Oregon until 1953. In 1961 the ordering of a psychiatric examination was left to the discretion of the trial court. (Ch 424, Oregon Laws 1961.) There is nothing in this legislative history to suggest that a psychiatric examination is essential to due process.

■ Although the proceedings after trial and before sentence must comply with due process requirements, *Townsend v. Burke,* 334 US 736, 68 S Ct 1252, 92 L Ed 1690, the requirements at the post-trial stage are less rigid than during the trial. *Williams v. New York,* 337 US 241, 69 S Ct 1079, 93 L Ed 1337; *Williams v. Oklahoma,* 358 US 576, 79 S Ct 421, 3 LEd2d 516. In *Williams v. New York,* at 251 of 337 US, the court said:

"* * * The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice."

Since there was no denial of petitioner's rights under the Constitution of the United States or under the Constitution of the State of Oregon, the judgment of the lower court is reversed and the original sentence is reinstated.