Submitted January 22, reversed February 20, 1963

## GOOD *v.* GLADDEN

378 P. 2d 994

No appearances.

McALLISTER, C. J.

This is a proceeding under the Post-Conviction Hearing Act, ORS 138.510 to 138.680. The plaintiff, Terrance P. Good, was convicted in the circuit court of Multnomah county of the crime of sodomy involving a child under the age of 16 years, and on October 31, 1958 was sentenced to the penitentiary for a term not exceeding seven and one-half years.

Thereafter plaintiff filed this proceeding in the circuit court for Marion county, alleging that the sen-

tence imposed on him by the circuit court for Multnomah county was void because he was being

"\* \* \* deprived of his liberty in violation of the Fifth Amendment and the Fourteenth Amendment of the Constitution of the United States and Article 1, Section 20, of the Oregon Constitution in that he was tried and convicted under ORS 167.040, and as permitted under ORS 137.112, a psychiatric examination was made upon Petitioner but contrary to ORS 137.113 (3), a certified copy of said psychiatric examination was not sent by the Clerk of the Court to the Petitioner."

The lower court found that the sentence imposed on plaintiff was void because he was not furnished, as required by ORS 137.113(3), a copy of the report of the psychiatrist who examined him at the state hospital pursuant to ORS 137.112. Plaintiff was remanded to the circuit court of Multnomah county for the imposition of a new sentence.

The disposition of this case is controlled by our decisions in *Kloss v. Gladden,* 233 Or 98, 377 P2d 146 (1962), and *Enyart v. Gladden,* 233 Or 37, 377 P2d 25 (1962), in which we held that neither the psychiatric examination required by ORS 137.112, nor the furnishing to the prisoner of a copy of the report of the psychiatrist as required by ORS 137.113(3), are essential to due process. We point out that upon remand plaintiff could be sentenced to imprisonment for the remainder of his natural life. ORS 137.111. It seems incongruous that we are asked to help plaintiff get a possible life sentence in lieu of his sentence of seven and one-half years, most of which has now been served.

For the reasons set out in *Kloss,* supra, the judgment of the lower court is reversed and the original sentence reinstated.