Argued April 7, affirmed April 30, 1965

# STATE OF OREGON v. CUSTER

401 P. 2d 402

*Charles V. Elliott,* Portland, argued the cause and filed a brief for appellant.

*Vincent G. Ierulli,* Deputy District Attorney, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and HOLMAN, Justices.

McALLISTER, C. J.

On March 25, 1963, the defendant, Roy Alexander Custer, was convicted on his plea of guilty, in the circuit court for Multnomah county, of the crime of burglary not in a dwelling, and was sentenced to imprisonment in the penitentiary for a term not to exceed ten years. Thereafter, on April 16, 1963, the district attorney filed an information, as required by ORS 168.015 et seq., pertaining to habitual criminals, charging defendant with six former convictions of a felony. Defendant denied the allegations of the information, and counsel was appointed for him. After a hearing, the court found that defendant had five former convictions of a felony. The court on September 16, 1963 vacated the original sentence imposed on March 25, 1963, and imposed for the principal offense a new sentence of imprisonment in the penitentiary for life. Defendant appeals.

Defendant does not challenge the findings of five former convictions of a felony in addition to the

principal offense. He merely asserts, without the citation of any authorities, that he was denied due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, and that the delay between the imposition of the original sentence and the imposition of the enhanced penalty amounted to the denial of a speedy trial and to cruel and unusual punishment.

■ The constitutionality of the statutes providing enhanced penalties for habitual criminals, both under our constitution and the Constitution of the United States, has long been settled. *State v. Hicks*, 213 Or 619, 325 P2d 794 (1958), cert. den. 359 US 917 (1959), 79 S Ct 594, 3 L Ed2d 579; *Graham v. West Virginia*, 224 US 616, 32 S Ct 583, 56 L Ed 917 (1912); *Oyler v. Boles*, 368 US 448, 82 S Ct 501, 7 L Ed2d 446 (1962); 24B CJS 442, Criminal Law § 1959; 25 Am Jur 261, Habitual Criminals § 4; Annot., 58 ALR 20 (1929), 82 ALR 345 (1933), 132 ALR 91 (1941).

■ It is also settled that the application of our habitual criminal statutes does not impose cruel or unusual punishment, or punishment not in proportion to the offense in violation of Section 16, Art I, of the Oregon Constitution. *Tuel v. Gladden*, 234 Or 1, 9, 379 P2d 553 (1963); *State v. Hicks*, supra, 213 Or at 629, 630; *State v. Smith*, 128 Or 515, 525, 273 P 323 (1929).

■ The suggestion that delayed imposition of an enhanced penalty is a denial of the right to a speedy trial, guaranteed both by the Sixth Amendment to the Constitution of the United States and Section 10, Art I, of the Constitution of Oregon, is answered in *State v. Hoffman*, 236 Or 98, 385 P2d 741 (1963), where we pointed out that the determination of the status of a defendant as an habitual criminal is not a part of the trial of the principal offense. See also, *Oyler v. Boles,*

supra, at 368 US 452; *Graham v. West Virginia*, supra, at 224 US 625.

■ There is no denial of due process under the Fourteenth Amendment because the defendant's former convictions of felonies were established in a separate proceeding. *Graham v. West Virginia*, supra; *Oyler v. Boles*, supra.

The appeal is without merit and the judgment of the lower court is affirmed.