Submitted September 15, affirmed November 23, 1966

# STATE OF OREGON *v.* EARL LESLEY ROBERTS

420 P. 2d 391

Earl Lesley Roberts filed briefs in propria persona.

Avery W. Thompson, District Attorney and Doyle L. Schiffman, Deputy District Attorney, Roseburg, filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PER CURIAM.

Defendant was convicted of assault and robbery while armed with a loaded Mauser pistol. At the trial on the case he was represented by appointed counsel. After the conviction another attorney was appointed to represent him on this appeal. That attorney perfected the appeal. The attorney later filed an affidavit in which he explained his study of the case and his inability to find any error. He swore that he could not conscientiously proceed further with the appeal. The trial court permitted the attorney to withdraw. No other attorney was appointed and defendant has filed briefs in his own behalf.

The pertinent allegations of the indictment in this case are:

"The said EARL LESLEY ROBERTS on the 2nd day of July, A.D. 1965, in the said County of Douglas and State of Oregon, then and there being armed with a dangerous weapon, to-wit: a loaded Mauser automatic pistol, did then and there unlawfully and feloniously assault one Beatrice Juanita Stevens by pointing said pistol at and towards the said Beatrice Juanita Stevens, who was then and there within shooting distance of said loaded pistol, and did then and there unlawfully and feloniously rob, steal and take from the person of the said Beatrice Juanita Stevens a sum of money, to-wit: $2,030.95. * * *."

■ Defendant's principal contention is that two crimes were charged in the indictment. By the very nature of the crime, ORS 163.290, it is necessary to

allege an assault with a deadly weapon while perpetrating a robbery in order to allege the elements of the crime. The same form of allegation is necessary in indictments relating to other crimes in which the seriousness of the crime is aggravated if it is committed in the course of other criminal conduct, a felony killing, for example. There is nothing bad about combining the elements of two crimes, in a statute, to form the elements of another crime, or to enhance the penalty for an act if it is committed in the course of perpetrating another crime. Nor is there anything wrong about alleging the facts which constitute such a crime.

■ Defendant's contention is not a new one. This court has consistently affirmed convictions where the same argument has been made that defendant makes in this case. *State v. Dewey,* 1956, 206 Or 496, 530, 292 P2d 799; *State v. Elliott,* 1954, 204 Or 460, 277 P2d 754, cert den 349 US 929, 75 S Ct 772, 99 L ed 1260 (1955); *State v. Du Bois,* 1944, 175 Or 341, 153 P2d 521; *State v. Merten,* 1944, 175 Or 254, 152 P2d 942; *State v. Evans,* 1924, 109 Or 503, 221 P 822. The indictment does not charge more than one crime.

■ Defendant also claims the court erred in permitting the attorney appointed for the appeal to withdraw. The court did not err. *State v. Elliott,* 1966, 244 Or 426, 418 P2d 263. *Richardson v. Williard,* 1965, 241 Or 376, 406 P2d 156.

The other claims of error (such as not confining the jury during an overnight recess) are not worthy of mention. Judgment affirmed.