Submitted on record and briefs January 31, affirmed
February 14, 1968

## STATE OF OREGON, *Respondent, v.*
## EARL LESLEY ROBERTS,
### *Appellant.*

437 P. 2d 731

Lawrence A. Aschenbrenner, Public Defender, Gary D. Babcock, Deputy Public Defender, Salem, and Earl Lesley Roberts, *in propria persona,* for appellant.

Doyle L. Schiffman, District Attorney, Roseburg, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Defendant was tried by jury for assault and robbery with a dangerous weapon under ORS 163.290, found guilty, and sentenced. He was represented by appointed counsel on trial and another was appointed to represent him on appeal. The latter, by affidavit, stated that a study of the transcript did not disclose error and he was permitted to withdraw. The defendant filed his own briefs. The conviction was affirmed on November 23, 1966, *State v. Roberts,* 245 Or 97, 420 P2d 391.

In *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (May 8, 1967), the United States Supreme Court held that if after conscientious study

appointed counsel finds his client's appeal "wholly frivolous" he may request permission to withdraw, but must accompany his request with a brief "referring to anything in the record that might arguably support the appeal." Then the court must give the defendant time to raise any points he may have, after which the court may decide whether the appeal is "wholly frivolous." If such is found, counsel may be allowed to withdraw in federal cases, but in states where a decision on the merits is required the court may then proceed to such a decision and if it finds any points arguable on their merits, it must, before decision, afford the defendant counsel to argue the appeal. After this decision, and based thereon, the defendant petitioned the United States District Court for Oregon for a writ of *habeas corpus* because he did not have an attorney on appeal. Judge Solomon of that court dismissed the petition, but stated that after the defendant exhausts his remedies under Oregon post-conviction statutes, or is allowed a direct appeal in the light of the *Anders* decision, with the assistance of counsel, that he could petition again.

This court then directed that the defendant's appeal be reinstated and appointed Mr. Lawrence A. Aschenbrenner, Public Defender for the State of Oregon, as the defendant's attorney. Mr. Aschenbrenner and his then assistant who is now the Public Defender of Oregon, Mr. Gary D. Babcock, have filed a brief in the defendant's behalf, in which they argue assignments of error and urge a reversal of the conviction. The district attorney for Douglas County has filed an answering brief. In addition to his counsels' brief, defendant filed his own "Prepria [sic] Persona" supplemental brief urging two alleged additional errors.

Counsels' brief asserts alleged errors substantially

the same as those considered in the former appeal. In the former appeal they were thoroughly considered by the court and found to be without merit. The ones discussed in the former opinion are not rediscussed here, but the others are.

■ The trial court did not tell the jury to disregard the offer in evidence of a dental plate which the trial court rejected when it was offered. This is assigned as error. To understand this it is necessary to briefly relate some of the facts in evidence.

A light-colored Toyota Land Cruiser with out-of-state license was used as transportation southward after the commission of an armed robbery of a market. The description of the Toyota was immediately broadcast. Seven miles south a law officer traveling from the opposite direction passed such a vehicle. He reversed directions and pursued it to a place where it was abandoned at the end of a side road by a building near the Umpqua River. The officer inspected the vehicle, finding a gun, loose currency, and an unusual shirt which was later identified by eye witnesses—who positively identified defendant as the robber—as the shirt the defendant was wearing. Tracks led away along the river bank to a place where the officers found another shirt, in a pocket of which was a partial dental plate. The defendant was apprehended some time later at a community on to the south. His shoes and legs were muddy and wet, and he was physically tired. On him was $1545 which together with that found in the vehicle amounted to about the sum stolen from the market. The district attorney offered in evidence the shirt and the partial plate. The partial plate held four front teeth and the defendant obviously was without corresponding teeth. The offer was rejected. Now, the defendant contends that the court should

have told the jury to disregard the dental plate. This court is aware of no rule of evidence that required such an admonition under such circumstances where no request is made therefor. If any error was committed by the trial court it was in leaning over backwards for the defendant. The offer of the denture appears to have. been proper and it should have been received for the jury to weigh and consider as evidence.

■. The defendant complains that the jury was not sequestered during the trial, prejudicial publicity was in newspapers, and the jury must have read it to his prejudice. The court properly instructed the jury about its conduct during recesses and specifically instructed it not to read anything about the case. The defendant apparently assumes the jury disregarded, but the court assumes the jury followed, instructions.

■. Error is alleged because witnesses were allowed to identify defendant in the courtroom without having previously identified him in a lineup. This court knows of no right a defendant has to be placed in an identification lineup before trial.

In defendant's own brief he complains that there was an illegal search and seizure, without a warrant, of the Toyota where it was abandoned on private property. No motion to suppress or objection upon such a ground was ever made. However, on the merits, it is preposterous to assert that a police officer in hot pursuit of an armed robber, about whom he has a very positive description, must stop as soon as the pursued drives upon private property, to which the pursued is an utter stranger, and get a search warrant in order to apprehend the vehicle and the evidence of the crime therein.

The other complaint the defendant's brief makes is that bail on appeal was excessive. If it was, with which we cannot agree for this was the defendant's third felony conviction, it would be no ground for reversing the conviction. The defendant had a fair trial and was vigorously defended by competent counsel. The record twice has been carefully reviewed by this court and no error is found therein.

The judgment is affirmed.