Argued September 17, reversed and remanded November 14, 1969

STATE OF OREGON, *Respondent, v.*
EDWARD DINON ROMERO,
*Appellant.*
461 P. 2d 70

*Quentin D. Steele,* Klamath Falls, argued the cause and filed the brief for appellant.

*Michael L. Brant,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. On the brief was Sam A. McKeen, District Attorney, Klamath Falls.

LANGTRY, J.

The defendant has appealed from an enhanced penalty imposed under ORS 168.015 et seq. Following is the sequence of events which led to this penalty: Defendant was convicted of burglary in Klamath County on October 7, 1965, and sentenced to 10 years in the Oregon State Penitentiary on October 11. An attorney was appointed to handle the appeal and notice was filed immediately. On August 22, 1966, the attorney was relieved and the Public Defender substituted. On September 9, 1966, the Public Defender was allowed to withdraw and on December 20, 1966, the Supreme Court dismissed the appeal. On April 4, 1967, the district attorney filed an information of former convictions in the trial court, and on September 13, 1967, a hearing was held, first on a motion to quash service and then on the merits of the information. The defendant was represented by his present counsel. On that date the motion to quash was denied and an order was entered finding the defendant had been convicted of five previous felonies. At a hearing on October 27, 1967, held for the purpose of sentencing, the judge changed the finding to conviction of

three previous felonies, the first sentence was vacated, and a sentence of 20 years imposed. This appeal is from the latter sentence.

The first assignment of error made by the defendant is that in view of *Anders v. California*, 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), decided after the dismissal of the direct appeal in this case, he was entitled to have his first appeal heard with counsel representing him. Applying *State v. Roberts*, 249 Or 139, 437 P2d 731 (1968), and *State v. Roberts*, 245 Or 97, 420 P2d 391 (1966), in which the second appeal was required to be heard, pursuant to *Anders*, supra, it appears that the defendant's contention under this assignment may be correct, for he was entitled to be represented by counsel if there were any arguable reason for the appeal. However, if this was error, it cannot be raised in this appeal. If a constitutional question was involved, it may be raised in a post-conviction proceeding; if not, the defendant may move the Supreme Court to reinstate the appeal, as was done in the *Roberts* cases, supra.

In his second assignment of error, the defendant contends that he was not given the speedy trial to which he was entitled under the constitution. In trial court, defendant's counsel raised the same objection to the enhanced penalty proceeding on a more appropriate ground.

"MR. STEELE: At this time I would move to dismiss this matter against the Defendant on the ground that the District Attorney did not act with reasonable diligence in bringing this matter or in pursuing it after they had knowledge that there may have been prior convictions against this Defendant * * * and allowed him to serve 18 months before filing this Information * * *.

"MR. PARKS: [The District Attorney] I won't dignify the motion by commenting on it * * * the statute allows two years.

"MR. STEELE: The statute says 'immediately', that doesn't mean 'two years', in my opinion."

ORS 168.055 provides:

"(1) Within two years after conviction of the principal offense the district attorney * * * shall:

"(a) If he has reason to believe there has been a conviction which would justify an enhanced penalty for the principal offense under any applicable law, immediately investigate * * *; and.

"(b) If he obtains competent evidence * * * immediately file with the court of conviction of the principal offense an information * * *."

The language of this section is clear. It allows an outside limit of two years in which to bring enhanced penalty proceedings. Within that time, if the district attorney has reason to believe that there are prior convictions, he is required to "immediately" investigate and if there are such prior convictions, "immediately" proceed.

The record does not disclose whether the district attorney had information that there were prior convictions at the time the first sentence was imposed. Defendant alleges in his brief that such information was known and considered by the court at the time of the first sentence and the district attorney has not denied it.

In *State v. Hicks*, 213 Or 619, 325 P2d 794 (1958), cert den 359 US 917 (1959), where some of the circumstances were similar to this case, by way of dictum Mr. Justice BRAND said:

"* * * [W]hen any * * * officer * * *

> reports to the district attorney that a convicted person has been previously convicted &ast; &ast; &ast; it immediately becomes the duty of the district attorney to investigate and act as required by statute &ast; &ast; &ast;."① 213 Or at 636-37.

■ The pertinent parts of the act were the same as now when *Hicks* was decided in 1958. We construe the word "immediately" in subsection (b) to mean the district attorney must proceed within a reasonably prompt period of time after the pertinent information becomes known. The district attorney, who apparently had knowledge of the previous convictions, waited some 18 months from the time the sentence on the principal offense was imposed before proceeding. Nothing in the record explains this delay. The district attorney does not say it was attributable to obtaining the records.

■ The pendency of the appeal from the first sentence does not operate to prevent the district attorney from proceeding under the enhanced penalty statute, because the act does not require that enhanced penalty proceedings be held in abeyance. No inconsistency appears between the pendency of an appeal from the principal proceeding and the filing of the enhanced penalty proceeding.

The district attorney contends that the delay could not have made any difference to the defendant because he was receiving credit for the time he was serving, regardless of the eventual length of his sentence. Such an argument overlooks the right the defendant has under the statute to a hearing within a reasonable time, what the effect would be in the case of a person

---

① In *Hicks*, as here, the record was incomplete, and the court had to rely on undenied statements in the briefs.

under bail pending appeal, and the possible delay or loss of parole to which defendant might otherwise have become entitled.

■ We hold that the delay violated the defendant's rights under the statute and the enhanced penalty was erroneously imposed. This decision obviates any need to discuss the constitutional questions raised, or any of the other assignments of error.

Remanded for vacation of enhanced penalty and reinstatement of original sentence.