Argued January 23, affirmed February 5, 1970

STATE OF OREGON, *Respondent, v.*
DONALD E. HOLBERT,
*Appellant.*
464 P. 2d 834

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This appeal is from a judgment for an enhanced penalty under ORS ch 168. Defendant was convicted of forgery in Multnomah County on February 1, 1965, and sentenced the same day. On that day the district attorney filed an information alleging three previous felony convictions and sought an enhanced penalty. The defendant appealed the conviction of forgery, and a written order was entered on February 15, 1965, holding the information of previous convictions in abeyance pending determination of the appeal. The conviction was affirmed by the Oregon Supreme Court on December 15, 1965. *State v. Holbert,* 242 Or 228, 408 P2d 941 (1965).

The mandate was entered on January 27, 1966. The hearing on the information was held on April 26, 1966. At the commencement of this hearing, defendant's attorney moved for dismissal and said:

"MR. HALEY: * * * [T]he information was filed better than a year ago. They have a duty to proceed forthwith.

"THE COURT: You mean they have a duty to proceed before the appeal is heard?

"MR. HALEY: No. They have a duty to proceed immediately following it, though."①

Following further colloquy, the court read to counsel and defendant from *State v. Custer*, 240 Or 350, 352, 401 P2d 402 (1965).

"The suggestion that delayed imposition of an enhanced penalty is a denial of the right to a speedy trial, guaranteed \* \* \* [by state and United States constitutions] is answered in *State vs. Hoffman*, 236 Or 98, 385 P2d 741 (1963), where we pointed out that the determination of the status of a defendant as an habitual criminal is not a part of the trial of the principal offense. . . ."

In *Custer*, where no appeal intervened between conviction of the principal offense and the hearing on the enhanced penalty, a period of six months elapsed.

■ The trial court in the case at bar properly did not allow the motion to dismiss made on the basis of an alleged denial of a speedy trial. The only question here is whether the time from entry of the mandate,

---

① In *Romero*, infra, we said:

"The pendency of the appeal from the first sentence does not operate to prevent the district attorney from proceeding under the enhanced penalty statute, because the act does not require that enhanced penalty proceedings be held in abeyance. No inconsistency appears between the pendency of an appeal from the principal proceeding and the filing of the enhanced penalty proceeding." 89 Or Adv Sh at 680.

In the case at bar, the trial court entered a written order holding the information of previous convictions in abeyance until the appeal in the principal case was decided. The defendant did not object to this. The trial court can hold it in abeyance as was done here, or it can require a hearing during the pendency of the appeal. Time and expense would be saved if the hearing were held during the pendency of the appeal in the principal proceeding, for then any appeal from the finding in the enhanced penalty proceeding could be consolidated with the other, and the appeals disposed of together. Such was the procedure followed in State v. Young, 1 Or App 562, 463 P2d 374 Sup Ct *review denied* (1970).

January 27, 1966, to April 26, 1966, a total of 89 days, was too long under the applicable statutes.

The enhanced penalty statutes, ORS 168.055 and 168.065, place limitations of time on such proceedings. The district attorney must observe these limitations. *State v. Romero,* 1 Or App 217, 461 P2d 70 (1969). The district attorney did so in this proceeding. We agree with the trial court that there was no merit in the motion to dismiss.

Judgment affirmed.