Argued May 24, affirmed June 10, petition for rehearing denied
July 13, petition for review denied September 21, 1971

## LEONARD O'NEAL, JR., *Appellant, v.* CUPP, *Respondent.*

485 P2d 1119

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Petitioner appeals from judgment on the second of three causes alleged in his post-conviction relief petition. Judgment on the first cause allowed a delayed direct appeal. Relief was denied on the second and third causes. The one we are concerned with, the second cause, relates to alleged denial of a speedy trial on an enhanced penalty proceeding which followed the primary conviction.

On May 28, 1965, petitioner was convicted of larceny and sentenced to five years' imprisonment. On May 4, 1966, the prosecutor filed an information of previous convictions, pursuant to ORS 168.015 et seq. A hearing thereon was held on March 29, 1967, and on April 3, 1967, judgment was entered which enhanced the penalty to ten years.

ORS 138.530 (1)(c), upon which petitioner relies, provides:

"(1) Post-conviction relief * * * shall be granted * * * when * * *:

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law [has been imposed] * * *."

In *State v. Romero,* 1 Or App 217, 461 P2d 70 (1969), we held that the question of speedy trial in that case, under the enhanced penalty statutes of Oregon, was one of statutory right, and it was not neces-

sary to discuss constitutional questions raised by petitioner. We held the enhanced penalty assessed in that case must be set aside because ORS 168.055 required the prosecutor to proceed "immediately" after conviction and sentence if there were previous felony convictions, and he did not do so in "a reasonably prompt time."

In that case we said:

"The district attorney * * * waited some 18 months * * * before proceeding. *Nothing in the record explains this delay* * * *.

"The pendency of the appeal from the first sentence [a direct appeal] does not operate to prevent the district attorney from proceeding * * *." (Emphasis supplied.) *State v. Romero,* supra, at 221.

See also *State v. Holbert,* 1 Or App 552, 464 P2d 834 (1970). In the case at bar the prosecutor testified that in 1965 he tried to proceed with an information of previous convictions while the petitioner was prosecuting a direct appeal which was finally dismissed. The trial judge would not process the enhanced penalty proceeding until the appeal was terminated, because, according to the testimony, he believed he had no jurisdiction during appeal. In *Romero,* in 1969, we decided that there is no inconsistency between an appeal on the primary conviction and proceeding in the trial court on an enhanced penalty information. Hence, there would have been jurisdiction to proceed with the information if the trial court had permitted it.

ORS 168.055 places the responsibility for proceeding on the prosecutor. Unlike the situation in *Romero,* we are satisfied he tried to proceed in the case at bar. He did file the information in less than two months after the mandate dismissing the direct appeal.

In *State v. Holbert,* supra, we held that 89 days elapsed time between mandate and filing of the information was not too long. The petitioner in this case did not claim or show prejudice. We do not think the prosecutor's duty required him to try to force the trial judge to accept an earlier filing. In other words, the record here explains the delay. The prosecutor acted within a reasonably prompt time under the circumstances.

Inasmuch as the requirements of *Romero* were met on the facts of this case, it is unnecessary for us to consider statutory construction questions and the retroactivity of *Romero,* raised in the briefs.

Affirmed.