Argued May 24, affirmed July 29, petition for rehearing denied
August 24, petition for review denied November 16, 1971

WENDELL F. LONG, *Appellant, v.*
CUPP, *Respondent.*
487 P2d 674

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Jim G. Russell*, Assistant Attorney General, Salem, argued the cause for respondent With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

This is an appeal from a judgment denying post-conviction relief. The petitioner (whom the file indicates is now on parole) was a co-defendant with the defendant in *State v. Romero*, 1 Or App 217, 461 P2d 70 (1969). We there held, in a direct appeal, that the enhanced penalty was invalid because the prosecutor did not proceed in a reasonably prompt time in compliance with ORS 168.055. The facts concerning the length of sentence and the imposition of the enhanced

penalty based on the conviction of previous felonies are the same in both cases, except that Long did not appeal as did Romero. Based on the holding in *Romero,* if the petitioner here had made a direct appeal from the enhancement of his penalty, he may well have prevailed.[1]

■ The issue is whether or not he may obtain such relief through the Post-Conviction Relief Act, ORS ch 138. A post-conviction proceeding is not the equivalent of a direct appeal. *Parker v. Gladden,* 245 Or 426, 407 P2d 246 (1965), *rev'd on other grounds,* 385 US 363, 87 S Ct 468, 17 L Ed 2d 420 (1966). This Act is available only in the case of that type of error covered by ORS 138.530. The pertinent provisions of ORS 138.530 are:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for

---

[1] Petitioner testified at the post-conviction hearing that he had urged his attorney to make an objection based upon the delay in sentencing as did Romero's attorney, and that petitioner's attorney refused to do so. However, there is no contention here that petitioner was deprived of any constitutional right because of incompetent performance by counsel.

the crime of which petitioner was convicted; or unconstitutionality of such sentence."[2]

We hold that for the following reasons the trial court properly denied post-conviction relief.

■ ■ At the post-conviction hearing the petitioner argued that the delay in imposing the enhanced penalty was a violation of his constitutional rights entitling him to relief under ORS 138.530(1)(a). He has abandoned this point on appeal and properly so. All error is not constitutional error and the delay in imposing sentence which was otherwise wholly proper is not such error. *State v. Custer*, 240 Or 350, 401 P2d 402 (1965), holds that delay in the imposition of an enhanced penalty does not constitute a denial of the right to a speedy trial.

Nor were the petitioner's equal protection or due process rights violated by the delay.

In *Kloss v. Gladden*, 233 Or 98, 377 P2d 146 (1962), it was held that failure to have the defendant examined by a psychiatrist or to otherwise comply with sexual psychopath statutes before sentencing was not a denial of due process even when the statute requiring examination was mandatory.

In *Brooks v. Gladden*, 226 Or 191, 358 P2d 1055 (1961), the trial court had granted post-conviction relief to the petitioner by way of a new trial because he had not been allowed to poll the jury. The Supreme

---

[2] The question of whether the sentence here was "* * * otherwise not in accordance with, the sentence authorized by law * * *," was not raised or preserved at the post-conviction proceeding in the trial court and is not subject to appellate review. State v. Paola, 3 Or App 258, 473 P2d 690 (1970).

However, for the purposes of clarification we nevertheless discuss the issue in the body of this opinion.

Court pointed out that ORS 17.355(2) gives the defendant an absolute right to poll the jury. It nevertheless held that while failure to allow such polling might have brought relief on appeal, such failure did not constitute constitutional error, and, therefore, afforded no basis for post-conviction relief.

Our Post-Conviction Relief Act for the most part serves the functions previously served by habeas corpus. 28 USCA § 2255 provides in pertinent part:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that * * * the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The United States Supreme Court has held that under this statute reversible error is not necessarily the basis for collateral challenge by habeas corpus.

In *Sunal v. Large*, 332 US 174, 67 S Ct 1588, 91 L Ed 1982 (1947), petitioner was convicted of violating the Selective Training and Service Act by failing to report for induction. At trial he offered evidence to show that his selective service classification was invalid. Proving this would have been a complete defense. The trial court held such evidence to be inadmissible. Subsequent to Sunal's trial, in *Estep v. United States*, 327 US 114, 66 S Ct 423, 90 L Ed 567 (1945), the Supreme Court decided that trial courts should determine whether a defendant's draft classification was correct. In *Sunal* the court held that the defendant should have appealed and had no right to habeas corpus. The court there said:

> "An endeavor is made to magnify the error

in these trials to constitutional proportions by asserting that the refusal of the proffered evidence robbed the trial of vitality by depriving defendants of their only real defense. But as much might be said of many rulings during a criminal trial. Defendants received throughout an opportunity to be heard and enjoyed all procedural guaranties granted by the Constitution. Error in ruling on the question of law did not infect the trial with lack of procedural due process * * *." 332 US at 182.

In *Hill v. United States*, 368 US 424, 82 S Ct 468, 7 L Ed 2d 417 (1962), defendant was not asked, at sentencing, whether he wished to make a statement in his own behalf. This failure to ask was a violation of Federal Rules of Criminal Procedure, Rule 32 (a). The court said:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' * * *." 368 US at 428.

Here, as in *Hill*, there was no complete miscarriage of justice, no procedural omission inconsistent with basic standards of fairness, no exceptional circumstances requiring collateral relief. The fact the petitioner's co-defendant prevailed on direct appeal does not give petitioner a basis for collateral attack on constitutional grounds.

■ ■ ORS 138.530(1)(b), providing that lack of jurisdiction of a court to impose the judgment rendered shall be grounds for post-conviction relief, is not applicable here. It has long been the rule in Oregon with respect to the Habitual Criminals Act, ORS ch 168, that the power of the court is not dependent upon the diligence or laxity of the prosecution in initiating proceedings. *Macomber v. State et al,* 181 Or 208, 180 P2d 793 (1947). The late filing of an information in an habitual criminal proceeding does not raise the issue of jurisdiction. *State v. Sheppard,* 2 Ariz App 242, 407 P2d 783 (1965).

■ The petitioner's contention that the sentence, because it came late, was "* * * in excess of, or otherwise not in accordance with, the sentence authorized by law * * *," ORS 138.530(1)(c), has no merit. The legislative intent in the enactment of this statute was not to establish a new ground for collateral relief, but rather to codify a ground for relief previously available in habeas corpus proceedings. Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 345 (1960).

The objective was to continue the precedent established in such cases as *Landreth v. Gladden,* 213 Or 205, 324 P2d 475 (1958), where habeas corpus was expanded to allow collateral attack on invalid sentences even though the underlying conviction might be valid. Collins and Neil, *The Oregon Postconviction-Hearing Act,* supra, at 345, n 48.

Habeas corpus lay in *Landreth* to permit collateral attack of a prior out-of-state conviction used to enhance a sentence when the prior conviction was not a felony under the laws of the state of Oregon. The sentence was deemed in excess of the power of the court to

impose. The *Landreth* court carefully delimited this ground for collateral attack to cases involving sentences defective in the extent, mode or place of imprisonment. 213 Or, supra, at 222-23. Petitioner was sentenced to a proper place of imprisonment for a period permitted by statute. "Mode" of imprisonment refers to the type of punishment. See *In re Bonner*, 151 US 242, 258, 14 S Ct 323, 38 L Ed 149, 152 (1894). *Landreth* clearly did not contemplate a collateral challenge based on mere irregularity in the sentencing procedure, and ORS 138.530 (1)(c) did not confer upon the post-conviction court the power to entertain such a challenge.

Affirmed.