Argued July 21, affirmed September 21, petition for rehearing denied October 14, petition for review allowed November 30, 1971

STATE OF OREGON, *Respondent, v.*
ROYCE LOVELL BROWN (100559), *Appellant.*
488 P2d 856

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant, having previously been convicted of carrying a concealed weapon, ORS 166.240, was convicted of the separate crime of being a convicted person in possession of a concealable firearm, ORS 166.270. Both convictions were based upon a single occurrence involving a .32 caliber pistol. Defendant appeals, asserting, first, his plea of double jeopardy should have been allowed. Second, he claims the court erred in finding that he was a "convicted person" since his only prior felony was on appeal and thus not a final conviction at the time he was charged with being a convicted person in possession of a concealable firearm.

Concerning defendant's first assignment, his claim of double jeopardy, we held, pursuant to prior holdings of the Oregon Supreme Court, in *State v. Miller,* 5 Or App 501, 484 P2d 1132, Sup Ct. *review denied* (1971), on identical facts that since the two convictions required proof of different facts, conviction of carrying a concealed weapon did not preclude a subsequent conviction for ex-convict in possession of a concealable weapon.

We come now to defendant's second assignment of error, that because the judgment of conviction was on appeal the court erroneously considered that de-

fendant was a "convicted person." Defendant contends that until his conviction is affirmed by an appellate court, he is not a convicted person. An Annotation in 5 ALR2d 1080 (1949) on what constitutes a former conviction within the enhanced penalty statutes does state that by the weight of authority a defendant is not considered as having been convicted pending determination of the appeal proceedings:

> "According to the weight of authority, where an appeal has been taken from the trial court to the appellate court * * * defendant cannot, pending the determination of the appeal proceedings, be considered as having been convicted within the meaning of statutes imposing an enhanced penalty for a second or subsequent offense upon conviction of a prior offense." 5 ALR2d at 1092.

The same Annotation cites Michigan and California as states following the minority view that a pending appeal will not prevent judgment in the trial court from being considered a conviction within the meaning of the enhanced penalty statutes. Oregon would apparently be in this category in connection with enhanced penalty proceedings, a somewhat analogous situation. *State v. Romero,* 1 Or App 217, 461 P2d 70 (1969); *State v. Holbert,* 1 Or App 552, 464 P2d 834 (1970). *See also, State v. Steffes,* 2 Or App 163, 465 P2d 905, Sup Ct *review denied* (1970).

A majority of jurisdictions hold that the pendency of an appeal will not affect the conviction for purposes of declaring a public office vacant upon the conviction of the office holder of a felony or other crime. See Annotation, 71 ALR2d 593, 600 (1960). Some courts have held to the same effect on the question of the suspension of motor vehicle operator's license upon conviction of a crime. See, Annotation, 79 ALR2d

866, 869-70 (1961). *See also,* 21 Am Jur2d 560-69, Criminal Law § 619.

Policy considerations underlying the prohibition against convicted felons carrying concealable firearms support a holding that the pendency of an appeal should not affect the conviction underlying the prohibition.

Affirmed.