No. 48,906

STATE OF KANSAS, *Appellant*, v. NATHANIEL WATIE, *Appellee.*

(573 P 2d 1034)

Opinion filed January 21, 1978.

*Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were on the brief for the appellant.

*C. Warner Eisenbise,* of Wichita, was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The state appeals from a judgment of the district court quashing a complaint filed against Nathaniel Watie charging unlawful possession of a firearm after having been convicted of a felony. (K.S.A. 21-4204[1][*b*].) The unlawful possession was alleged to have occurred on November 26, 1976. Prior to that date and on November 17, 1975, Watie was found guilty of aggravated robbery and conspiracy to commit aggravated robbery. Thereafter he was sentenced and he appealed from both convictions and sentences. His appeal was pending when the present charge arose. The trial court quashed the complaint because the prior felony convictions were pending review on appeal. The trial court held that the prior convictions had not become final as contemplated by K.S.A. 21-4204(1)(*b*). At the time of its ruling the trial court did not have the benefit of *State v. Holmes,* 222 Kan. 212, 563 P.2d 480, where we hold:

"A defendant who has been adjudged guilty of a felony but who has not yet been sentenced has been convicted of a felony within the meaning of K.S.A. 21-4204(1)(*b*)." (Syl. 2.)

In *Holmes* it was pointed out that when the district court accepted the plea of *nolo contendere* and entered a finding of guilty thereon the defendant thereafter had the status of a convicted felon. Mr. Justice Prager speaking for the court stated:

"The purpose behind K.S.A. 21-4204(1)(*b*) was to keep certain dangerous weapons out of the hands of convicted felons. The legislature determined that persons convicted of a felony are a danger to society and should not have in their

possession certain types of weapons. [Citations omitted.] To achieve the legislative purpose K.S.A. 21-4204(1)(*b*) should be held applicable following a conviction of a felony although sentence has not yet been imposed." (p. 215.)

It follows from what was said in *Holmes* that a defendant stands convicted of a felony within the meaning of K.S.A. 21-4204(1)(*b*) during the pendency of his appeal from conviction, and possession of the type of firearm proscribed in said statute is prohibited to the defendant-appellant during the pendency of his appeal until such time as his conviction is set aside.

Similar federal and state statutes have been construed in like manner. See *United States v. Liles,* 432 F.2d 18 (9th Cir. 1970); *United States v. Wooten,* 503 F.2d 65 (4th Cir. 1974); and *State v. Brown,* 7 Or. App. 5, 488 P.2d 856.

The judgment is reversed with instructions to reinstate the complaint.