373 So.2d 663 (1979)
Anthony DePAULIS, Petitioner,
v.
The JUDGES OF the DISTRICT COURT OF APPEAL, FOURTH DISTRICT, Respondents.
No. 55806.
Supreme Court of Florida.
July 17, 1979.
*664 Jon H. Gutmacher, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondents.
OVERTON, Justice.
This case is before us on petition for writ of mandamus. The petitioner seeks reversal of the district court's order that he must supply a copy of the trial transcript to the attorney general's office at his expense. We have jurisdiction.[1]
DePaulis was convicted of a crime in the circuit court, Broward County. He is not indigent and is represented by private counsel. He filed a notice of appeal to the District Court of Appeal, Fourth District, and obtained a supersedeas bond and stay from the trial court. He then filed designations to the court reporter to obtain transcripts of the proceedings in the trial court and ordered copies for himself and the district court but did not order a copy for the attorney general's office. The attorney general filed a motion to compel DePaulis to furnish a transcript to him on the grounds that in criminal appeals Florida Rule of Appellate Procedure 9.140(d) specifically provides: "The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the Attorney General"; Rule 9.200(a)(1) defines the record as "the original documents, exhibits, and transcript of proceedings, if any, filed in the lower tribunal"; and Rule 9.200(b)(1) provides that the "[c]osts of transcription shall be borne initially by the designating party." DePaulis objected on the ground that requiring him to pay for the state's transcript was a violation of article I, section 19, Florida Constitution, which provides: "No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final." The district court granted the motion and ordered DePaulis to provide a trial transcript to the state. It is from this order that DePaulis seeks a writ of mandamus. For the reasons expressed, we agree with the district court.
The petitioner argues that article I, section 19, of the 1968 Florida Constitution, represented a substantive revision of Declaration of Rights, section 14, of the 1885 Florida Constitution.[2] The latter section had been interpreted in State ex rel. Davis v. Newman, 24 Fla. 33, 3 So. 467 (1888). In that case, this Court held that the words "final trial," in section 14 of the declaration *665 of rights of the 1885 Florida Constitution, means a trial in the court having original trial jurisdiction of the case and does not apply to proceedings in an appellate court.
The petitioner asserts that the change in the constitutional language was substantive and intended to change the interpretation of the predecessor section made by this Court in State ex rel. Davis v. Newman. Relying on Joyner v. State, 158 Fla. 806, 808, 30 So.2d 304, 305 (1947), he alleges that the language forbidding compelled costs before "judgment of conviction has become final" means that no costs may be assessed until the judgment has been affirmed on appeal.
We disagree with the petitioner and hold that the change in the constitutional language was merely stylistic. None of the history pertaining to this provision reflects any intent to make a substantive change in the law. See T.D'Alemberte, Commentary, 25A Fla. Stat. Ann. 401 (1970). During the constitution revision process that led to the 1968 constitution, the task of authoring a provision to replace article I, section 14, of the 1885 constitution was assigned to the human rights committee. In its final report of September 20, 1966, that committee proposed the following language:
No person charged with crime shall be compelled to pay costs except upon conviction or after being placed on probation when judgment of guilt is withheld by the trial judge after plea or verdict of guilty.
However, this section was altered significantly before being adopted in its present form. The style and drafting committee's comments accompanying the revision draft of October 10, 1966, illustrated the rationale underlying the amendments:
The Committee on Drafting and Style feel that the extension of this section to cases of probation when adjudication is withheld is entirely unnecessary.
A person placed on probation with the condition that he pay costs is not being compelled to pay costs. He need not accept probation. The power of a court to grant probation only on this condition is not restrained by the present provision or that proposed by the Committee on Drafting and Style.
.....
The word "conviction" is sometimes defined to mean "verdict of guilt" as distinguished from a judgment of guilt. This Committee's recommendation clarifies this question.
It is apparent that the intent of the human rights committee had been to prohibit the imposition of costs on a criminal defendant until the conclusion of the trial proceedings. That committee obviously perceived the words "upon conviction" as referring to a stage of the proceedings equivalent to the stage designated as "after being placed on probation when judgment of conviction is withheld." The style and drafting committee's insertion of the word "judgment" was not intended to alter that policy. It was designed only to resolve a potential ambiguity in the word "conviction."
Petitioner has not identified any basis in the developmental history of the present provision to suggest that either committee ever intended the finality of judgment of conviction for this purpose to be other than the adjudication of guilt. We hold that the appellate rules require that the petitioner in the instant case pay the cost of providing to the attorney general a copy of the portions of the transcript he has designated as part of the record on appeal.
Accordingly, the petition for writ of mandamus is denied.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(5), Fla. Const.
[2] Article I, section 19, Florida Constitution, provides: "No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final." Declaration of Rights, section 14, Florida Constitution (1885), provided: "No person shall be compelled to pay costs except after conviction, on a final trial."