UNITED STATES of America, Plaintiff,

v.

William Leroy JOHNSON, Defendant.

Crim. A. No. 3:83–00323.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 16, 1984.
On Motion to Suppress Jan. 23, 1984.
On Motion for Continuance Jan. 31, 1984.
On Objection to Evidence Feb. 3, 1984.

is that the truth of the allegations of an indictment is tested at trial and not by pretrial motion or other preliminary proceeding. *United States v. Knox*, 396 U.S. 77, 83, 90 S.Ct. 363, 367[6, 7], 24 L.Ed.2d 275 (1969); *United States v. Short*, 671 F.2d 178, 183 (6th Cir.1982), *cert. den.*, 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *Universal Milk Bottles Service v. United States*, 188 F.2d 959, 962[4–6] (6th Cir.1951). That an allegation of the indictment may be false does not render it surplusage so as to permit it to be stricken pretrial.

■ Secondly, it is urged that, since the defendant is willing to stipulate that he had been convicted of a felony in this Court, which is sufficient to prove that element of the offense, any reference to a second felony conviction is unnecessary and should not be permitted. The defendant appears to recognize that the prosecution is not limited to charging and proving only one prior felony-conviction, and that the prosecution is not required to accept the defendant's stipulation in lieu of such proof. *See United States v. Blackburn*, 592 F.2d 300, 301[1] (6th Cir.1979); *United States v. Burkhart*, 545 F.2d 14, 15 (6th Cir.1976); *United States v. Fields*, 500 F.2d 69, 70[2] (6th Cir.1974). Thus, striking the defendant's alleged conviction(s) by the state of Florida, would seem impermissible.

Nevertheless, the undersigned judge has never permitted a litigant—whether in a civil or criminal action—to waste valuable trial time by attempting to prove a factual matter which the other side is willing to stipulate. *See* Rules 403, 611(a)(1), (2), F.R. Evid. Neither does this judge sanction prosecutorial-"overkill" by allowing the government to establish an element of the offense more than once. When a defendant stipulates an element of the crime with which he is charged, that element is established conclusively and no justifiable rea-

Joe B. Brown, U.S. Atty., Nashville, Tenn., for plaintiff.

John E. Rodgers, Butler, Lackey, Holt & Snedeker, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The indictment charges that the defendant, " * * * being a person who had previously been convicted of one or more felonies by the State of Florida and the United States District Court for the Middle District of Tennessee, * * * " unlawfully possessed certain described firearms in violation of 18 U.S.C.App. § 1202(a)(1). The defendant moved the Court pretrial to strike as suplusage that portion of the indictment referring to his conviction(s) by the state of Florida. Rule 7(d), F.R. Crim.P.*

■ Although the Court is sympathetic to the movant's contention, the law of this circuit appears to be contrary thereto: The defendant argues first that the challenged language of the indictment should be stricken because the proceedings against him in Florida did not result in a conviction. The short answer to this view

---

* " * * * The court on motion of the defendant may strike surplusage from the indictment * *." Rule 7(d), F.R.Crim.P. This rule rests on the theory that by making such a motion the de-

fendant waives his right not to have an indictment amended except by action of a grand jury. 1 Wright, Federal Practice and Procedure: Criminal 2d 417, § 127.

son exists for the prosecution to attempt to prove it by other evidence.

The motion hereby is

OVERRULED, but without prejudice to the defendant's making of a timely objection at trial to any cumulative evidence that might be offered against him.

## ON MOTION TO SUPPRESS

The defendant moved the Court pretrial to suppress all evidence seized during a search of his residence which was conducted pursuant to a warrant issued on October 18, 1983 by the Honorable John T. Nixon, a United States District Judge of this District. Rules 12(b)(3), 41(f), F.R.Crim.P. Such motion lacks merit.

In support of his motion, the defendant contends that the search warrant was " * * * based upon an affidavit which contains false and misleading facts and conclusions which mislead [sic] the issuing Judge. * * * " His motion did not, however, contain " * * * allegations of deliberate falsehood or of reckless disregard for the truth * ' * " by the affiant, nor was the motion " * * * accompanied by an offer of U.S. 154, 171, 98 S.Ct. 2674, 2684[8], 57 L.Ed.2d 667 (1978). Having failed then to meet the minimal standards required for an evidentiary hearing, the defendant's application therefor hereby is

DENIED. *Id.*

■ There thus being no evidence before the Court tending to show that the affiant was guilty of deliberate falsehood or of reckless disregard for the truth, as opposed to mere negligence or innocent mistake, the presumption of validity with respect to the affidavit supporting the search warrant has not been overcome. *See id.* Accordingly, the motion of the defendant hereby is

DENIED.

## ON MOTION FOR CONTINUANCE

The defendant seeks a further continuance of trial herein because of conflicts in his counsel's schedule. An affidavit by the latter reflects that such counsel has a pre-scheduled civil action for trial on the same date as trial herein and both a civil action and a criminal action, also prescheduled, for trial (apparently) commencing the ensuing Monday.

■ This Court would defer to any Court with a prescheduled criminal action but cannot defer to any Court for a conflicting civil action. Rule 50(a), F.R.Crim.P. ( * * * Preference shall be given to criminal proceedings * * * ."); *Campbell v. Eastland,* 307 F.2d 478, 487[6] (5th Cir.1962) (trial judge should give weight to public interest in law enforcement in balancing administrative policy relating to priority against the right of a civil litigant to a reasonably prompt determination of his or her civil claims or liabilities). The prompt disposition of criminal actions is to be required. *Powell v. Alabama,* 287 U.S. 45, 59, 53 S.Ct. 55, 60[6], 77 L.Ed. 158 (1932).

The estimated time for trial herein is variously 1½ days to 2 days; should trial herein not be completed Friday, February 3, next, the Court will give consideration to suspending it until completion of the trial in which defense-counsel is involved in the District Court for the Western District of Tennessee, Eastern Division. However, the defendant's motion for further continuance hereby is

DENIED. *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322[3], 84 L.Ed. 377 (1940).

## ON OBJECTION TO EVIDENCE

The defendant Mr. Johnson objected to evidence offered herein by the prosecution

---

* The defendant states that he made an offer of proof " * * * in the form of a request for a hearing wherein Agent Moltol will supply proof of said allegations. * * * " Obviously, the Supreme Court did not contemplate the holding of a hearing for the purpose of allowing a defendant to offer proof so that the Court can determine whether he is entitled to an evidentiary hearing on his motion to suppress; instead, with regard to the making of an offer of proof, the Court said: " * * * Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. * * * " *Franks v. Delaware, supra.*

relating to the disposition in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County of the felony-charge against him of carrying a concealed firearm, Fla.Rev.Stat. § 790.01. The ground was the defendant's contention that such disposition did not amount to a "conviction" within the purview of 18 U.S.C.App. § 1202(a)(1). The Court overruled the objection on the authority of *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

Upon his plea of guilty therein, the afore-named state Court placed Mr. Johnson on probation for a period of one year, expressly withholding any adjudication of his guilt. Under the law of Florida, it appears a court may place a defendant on probation if he " * * * has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury * * *." Fla.Stat. § 948.01(1). This may be done " * * * * either with or without an adjudication of the guilt of the defendant * * *." *Id.* Additionally, it is provided that

> * * * [i]f it appears to the court upon a hearing of the matter that the defendant is not likely *again* [emphasis provided] to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt, and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the department [of corrections] for the duration of such probation. * * *

Fla.Stat. § 948.01(3) (1983 Supp.).

■ Under this Court's interpretation of the pertinent law of Florida, Mr. Johnson could have been placed on probation by the Florida Court only upon a judicial determination that he had engaged in unlawful conduct as charged. It is elementary

" * * * that one cannot be placed on probation if the court does not deem him to be guilty of a crime. * * * *" *Dickerson v. New Banner Institute, Inc., supra,* 460 U.S. at 113–14, 103 S.Ct. at 992. To have accepted Mr. Johnson's view, that he was not "convicted" upon his plea of guilty merely because the Florida Court said it was withholding its adjudication of his guilt, would have elevated form over substance, contrary to the teachings of the Supreme Court in *Dickerson, supra.*