## CITY OF POMPANO BEACH v PAGGERTY

### Case No. 86-0052 AC (County Court Case No. 83-0670MO)

Seventeenth Judicial Circuit, Broward County

December 9, 1986

### APPEARANCES OF COUNSEL

**Phillip Montante** for appellant.

**Robert Bogen** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

Appellee (sic) Appellant appeals an order of the County Court taxing appellate costs in the amount of $1,348.65. At the hearing on the Motion, filed pursuant to Fla.R.App.P. 9.400(a), Appellee's counsel testified as to the amount of expenses he incurred in perfecting the appeal namely, the cost of the trial transcript, filing fees, and the Clerk's charges and he introduced the bills he received for these expenses.

Appellant initially contends the issue of costs should have been raised during the original appeal of the case that gave rise to the matter *sub judice* namely in Case No. 84-0050, and in support of its position points to *Starcher v. Starcher*, 430 So.2d 991 (4th D.C.A. 1983). That decision merely provides a limited exception to Rule 9.400(c) of the Fla.R.App.P. which indicates in relevant part that appellate review of lower tribunal orders taxing costs *shall* be made by *motion* filed in the appellate court within thirty (30) days of rendition. *Starcher* provides that where there are other points on appeal, other than the assessment of costs pursuant to Rule 9.400(a) and (b) appellate review may be secured by raising the issue of costs as an additional point on appeal.

On the initial appeal in Case No. 84-0050 costs were never an issue in that case, since it was never an issue before the lower court and therefore not a matter that could be addressed in that appeal. *Starcher* is therefore uncontrolling and irrelevant to the instant dispute. This Court consequently agrees with Appellee that it is without jurisdiction to entertain the present appeal since review was not initiated by *motion* as mandated by Rule 9.400(c).

Appellant also contends that costs are not awardable against it under Florida Statutes 939.06, 939.07 and 939.15. This point is moot as it is abundantly clear from the record below that Appellee was not seeking the costs addressed by those statutes but merely the costs of appeal that are properly awardable under Section 9.400(a).

Appellant further asserts that under *DePaulis v. Judges of the District Court of Appeal*, 373 So.2d 663 (Fla. 1979) that a non-indigent defendant, such as the Appellee, is obligated to pay the expenses of his appeal even if acquitted. Appellant, respectfully has misconstrued *DePaulis* since that decision when read in light of Rule 9.200(b)(1) merely reiterates that the appealing party must lay out the expenses incurred in processing the appeals which requirement was complied with by Appellee. Rule 9.200(b)(1) in relevant part however provides that the ultimate responsibility for these costs is subject to appropriate taxation as provided by Rule 9.400. That latter Rule provides for the

**137**

taxation of costs in favor of the prevailing party unless otherwise ordered by the appellate court.

Appellant's final argument is that Appellee's counsel should not have been permitted to testify concerning his client's costs, claiming that he was not competent to do so since his testimony would be hearsay. Although undoubtedly the preferred method of substantiating these costs would have been to have the court reporter and a representative of the Clerk's office present at the hearing to testify and be subject to cross examination, there exists legal authority for the method employed by Appellee's counsel in his efforts before the lower court.

In *Henderson v. Morton*, 152 So.2d 712 (Fla. 1934) and *McGourin v. DeFuniak Springs,* 42 So. 187 (Fla. 1906) the Supreme Court indicated that an acceptable procedure for the party seeking to recoup recoverable costs would be the submission of an itemized duly authenticated statement of the items of costs which the party must swear to as being true and having been paid. In the instant case, Appellee's counsel, who expended these costs, testified after producing the relevant bills and receipts that they had been paid. Appellant's counsel, who had been extended an opportunity to present affidavits to refute the accuracy of these affidavits, did not do so. Therefore, this point is without merit.

It is therefore the Order of this Court that the Appellant shall be taxed the costs in the amount determined by the lower court.

AFFIRMED.

DONE AND ORDERED this 9th day of December, 1986 in Fort Lauderdale, Broward County, Florida.