**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Reen PENNON, Defendant-Appellant.**

**No. 86–1063.**

United States Court of Appeals, Tenth Circuit.

April 14, 1987.

Susan M. Otto, Asst. Federal Public Defender (David Booth, Federal Public Defender, with her on the brief), Tulsa, Okl., for defendants-appellant.

Gene V. Primomo, Asst. U.S. Atty. (Roger Hilfiger, U.S. Atty., and Sheldon J. Sperling, Asst. U.S. Atty., with him on the brief) for plaintiff-appellee.

Before SEYMOUR, REINHARDT,* and TACHA, Circuit Judges.

SEYMOUR, Circuit Judge.

Robert Reen Pennon was convicted in a jury trial of manufacturing phencyclidine (PCP) in violation of 21 U.S.C. § 841(a)(1) (1982), possession of PCP with intent to distribute, also in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm af-

---

\* Honorable Stephen R. Reinhardt, Circuit Judge, United States Court of Appeals for the Ninth    Circuit, sitting by designation.

ter having been previously convicted of a felony, in violation of 18 U.S.C. app. § 1202(a)(1) (1982). Pennon contends on appeal that (1) he has never previously been convicted of a felony within the meaning of section 1202(a)(1), and (2) the evidence is insufficient to sustain his conviction for manufacturing PCP. We reject both contentions and affirm.

I.

■ In 1983, Pennon pleaded guilty in an Oklahoma state court to a charge of obtaining property valued at more than fifty dollars by the use of a false or bogus check, a felony under Oklahoma law. *See* Okla. Stat. tit. 21, § 1541.2 (Supp.1986). Pennon received a deferred judgment and a term of probation pursuant to Okla.Stat. tit. 22, § 991c (Supp.1986), which provides that, "[u]pon completion of the probation term, ... the defendant shall be discharged without a court judgment of guilt, and the ... plea of guilty ... shall be expunged from the record." Oklahoma courts have held that a deferred judgment under section 991c does not constitute a conviction. *See, e.g., Belle v. State,* 516 P.2d 551, 552 (Okla. Crim.App.1973); *see also United States v. Stober,* 604 F.2d 1274, 1276 (10th Cir.1979).

Pennon was still serving his probation term at the time he was indicted under section 1202(a)(1). That section prohibits any person who "has been convicted ... of a felony" from receiving, possessing, or transporting any firearm. Pennon admits that he possessed a firearm, but argues that he is not a convicted felon within the meaning of section 1202(a)(1). Pennon claims that the outcome of his case should be determined by *United States v. Parker,* 604 F.2d 1327 (10th Cir.1979), which also involved a section 1202(a)(1) conviction that was based upon a guilty plea and deferred judgment under the same Oklahoma statute involved here. We held there that, because Oklahoma courts did not view the deferred judgment as a conviction, the felony conviction requirement of section 1202(a)(1) was not satisfied. *Id.* at 1329. For the reasons set forth below, however,

we conclude that this aspect of *Parker* is no longer good law.

In 1983, the Supreme Court held that a plea of guilty to a state offense punishable by imprisonment of more than one year, followed by a successfully served probation term and the expunction of the defendant's record, does constitute a conviction for purposes of 18 U.S.C. § 922(g), (h), another federal statute that prohibits certain persons from transporting or receiving firearms. *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). The Court in *Dickerson* wrote generally about the federal legislation of which both sections 1202(a)(1) and 922(g), (h) are parts, and stated that "[w]hether one has been 'convicted' within the language of the [federal] gun control statutes is necessarily ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." *Id.* at 111–12, 103 S.Ct. 991–92. The Court held that the state deferred judgment provisions involved in that case would not prevent the defendant's guilty plea from constituting a conviction. *Id.* at 112–14, 103 S.Ct. at 991–93. The Court also ruled that the expunction of the defendant's record did not mean that he was innocent of the crime to which he pleaded guilty. *Id.* at 115, 103 S.Ct. at 993. The expunction therefore had no effect on the defendant's conviction for purposes of the federal firearms statute. *Id.*

Since *Dickerson,* federal courts have consistently applied its principles and reasoning to section 1202(a)(1), even though *Dickerson* involved only section 922(g), (h). *See United States v. Millender,* 811 F.2d 476 (8th Cir.1987) (Illinois statute similar to Okla.Stat. tit. 22, § 991c); *United States v. Crochet,* 788 F.2d 1061, 1062 (5th Cir.1986) (Louisiana statute similar to section 991c); *United States v. Freed,* 703 F.2d 394, 395 (9th Cir.) (state felony conviction had been expunged), *cert. denied,* 464 U.S. 839, 104 S.Ct. 131, 78 L.Ed.2d 126 (1983); *United States v. Johnson,* 585 F.Supp. 80, 83 (M.D. Tenn.1984) (Florida statute similar to section 991c). In *United States v. Mayfield,* 810 F.2d 943 (10th Cir.1987), this court also recognized the general applicability of

*Dickerson* in somewhat different circumstances. In light of the broad language employed by the Supreme Court concerning the federal gun control statutes generally, we agree that *Dickerson* cannot be distinguished in the context of section 1202(a)(1). We therefore must conclude that Pennon's guilty plea satisfies the felony conviction requirement of section 1202(a)(1).

Pennon points out that Congress consolidated the federal gun control statutes in 1986 by repealing section 1202 and by amending section 922(g) to prohibit the shipping, transporting, possessing, or receiving of firearms by persons who have been convicted of crimes punishable by imprisonment for more than one year. *See* Firearms Owners' Protection Act, Pub.L. No. 99–308, §§ 102(6), 104(b), 100 Stat. 449, 452, 459 (1986). The new legislation also expressly provides that

> "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

*Id.* § 101(5), 100 Stat. at 450 (amending 18 U.S.C. § 921(a)(20)).

Congress' decision to adopt expressly the states' definitions of what constitutes a conviction effectively overrules *Dickerson.* Pennon does not suggest, however, that the statute applies retroactively to his case. *See id.* § 110(a), (b), 100 Stat. at 460–61. Moreover, the legislative history of the amendments does not aid our interpretation of section 1202(a)(1) as it applies to defendant. For example, neither the debates nor the House report that accompanies the legislation mentions *Dickerson,* or provides any information regarding Congress' original intent for the gun control laws. The only relevant portion of the legislative history states simply that, *under existing law,* a "conviction" "is deemed to have occurred upon a guilty plea or finding of guilt by the court, regardless of whether the person is considered to have been convicted under State law." 132 Cong.Rec. S5354 (daily ed. May 6, 1986). Thus, Congress apparently has acknowledged that, prior to its amendments, *Dickerson* was the controlling law.

Accordingly, Pennon's section 1202(a)(1) conviction is affirmed.

## II.

At the time of Pennon's arrest, law enforcement officials confiscated from his house and a shed on his property various bottles and jars containing PCP. They also found many of the ingredients used in manufacturing PCP and two five-gallon buckets that contained a dark brown sludge. Later tests detected the presence of PCP in the sludge. In addition, a Government witness testified that her parents had made numerous purchases of PCP from defendant at his home. Pennon argues that, although this evidence supports the possession charge, it is insufficient to support the manufacturing charge. We disagree.

The Government presented testimony describing the "bucket method" of manufacturing PCP. All of the evidence discovered at defendant's home was consistent with this method, although not all of the ingredients needed for the method were found there. Government witnesses testified that not all confiscated PCP laboratories contain all of the ingredients needed for the process. Defendant testified on his own behalf and claimed that he had found the buckets near his home and that the PCP found in the jars in his shed was simply an accidental byproduct of a concoction that he made to kill ticks on his dogs and horses.

The following test applies when reviewing the sufficiency of the evidence in criminal cases:

> "The evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reason-

able jury could find the defendant guilty beyond a reasonable doubt."

*United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). In addition, "we are bound by the rule that the resolution of conflicting evidence and the assessment of the credibility of witnesses is within the sole discretion of the jury as the trier of fact." *United States v. Espinosa,* 771 F.2d 1382, 1391 (10th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985).

In light of these standards, we must conclude that a reasonable jury could find defendant guilty beyond a reasonable doubt of manufacturing PCP. The fact that not every essential ingredient for the process was at defendant's home does not preclude a finding that defendant nevertheless manufactured PCP. In addition, the jury was free to reject as incredible Pennon's explanations for the evidence seized. We therefore hold that the verdict is supported by sufficient evidence.

AFFIRMED.