518 So.2d 1363 (1988)
William Lee BURKETT, Appellant,
v.
STATE of Florida, Appellee.
No. BS-286.
District Court of Appeal of Florida, First District.
January 15, 1988.
William R. Slaughter, II, of Slaughter and Slaughter, Live Oak, for appellant.
Robert A. Butterworth, Atty. Gen., and Kenneth Muszynski, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
William Lee Burkett appeals his conviction for possession of a firearm by a convicted felon, asserting that he did not know he was a convicted felon at the time he possessed the firearm. We affirm.
Section 790.23, Florida Statutes (1985), provides:
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.
(2) This section shall not apply to a person convicted of a felony whose civil rights have been restored.
Appellant's predicate conviction and sentence for attempted sexual battery and trespass of an occupied structure was affirmed on July 23, 1986, and mandate issued *1364 on August 8, 1986.[1] Appellant was arrested on August 17 as the result of a late night incident at Suwannee Springs, and was charged with various offenses including aggravated assault with a firearm and possession of a firearm by a convicted felon. At his trial without a jury on the latter charge, appellant asserted that he had not received notification that his conviction for attempted sexual battery had been affirmed on appeal when he was arrested for the firearm possession offense.
In an affidavit, appellant's attorney swore that he had received the appellate court's mandate on August 14 and mailed it and the opinion to appellant's mother's address (given to him as appellant's residence); that on August 16, appellant's mother telephoned him to say that she had received the materials, but that appellant did not reside at her address; and that the opinion and mandate were then sent to appellant's new address, probably on the following day.
Appellant asserts on appeal that the trial court erred in finding him guilty of possession of a firearm by a convicted felon when the uncontradicted evidence established that he did not know he was a convicted felon at the time he possessed the firearm. He contends that a defendant's knowledge of his status as a convicted felon is an essential element which must be proved in order to sustain a conviction for violation of section 790.23, even though the statute does not expressly mention "knowledge" as an element of the offense.
He concedes that a defendant's knowledge of his status as a convicted felon is usually implied from the circumstances,[2] that in a prosecution for possession of a firearm by a convicted felon the State establishes the defendant's knowledge of his status by a certified copy of the prior judgment and sentence, and that such proof would, under most circumstances, preclude a claim that the defendant did not know he was a convicted felon, because the pronouncement of judgment and imposition of sentence usually signifies the conclusion of judicial involvement in a case.
He contends, however, that when a defendant pursues an appeal of a judgment and sentence, he is not considered a convicted felon until the appellate court affirms the conviction, citing Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985). He argues that a defendant free on an appeal bond is not prohibited from possessing a firearm, or voting, or otherwise exercising his constitutional and civil rights during the pendency of that appeal.[3] He *1365 asserts that at the conclusion of an unsuccessful appeal the defendant is usually notified by his counsel, law enforcement, the state attorney or his bondsman that his judgment and sentence have been affirmed and that he must report to serve his sentence, but that in his case he had not received such a communication at the time he possessed the firearm in question, and did not know that his conviction had been affirmed.
The State, giving appellant the benefit of an assumption that he was unaware not only of the issuance of the mandate in the appeal of his prior conviction, but also of the opinion affirming his conviction which had been issued more than two weeks before the mandate, argues that his position is flawed by the two erroneous propositions upon which it is based: 1) that his prior conviction was not final for purposes of the firearm possession statute until it was affirmed on appeal; and 2) that his lack of knowledge of the affirmance is a defense. We agree.
The terms "convicted" and "conviction" have been used in different contexts with different meanings, to represent the determination of guilt resulting from a plea or trial, regardless of whether adjudication of guilt is withheld or imposition of sentence is suspended,[4] or to include the sentence or judgment of the court.[5]
In Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), the Florida Supreme Court held that a conviction may not be relied on for the purpose of enhancing criminal penalties under the habitual offender statute until it is final, and that if an appeal has been taken, the conviction does not become final until the judgment of the lower court has been affirmed by the appellate court. However, in Stevens v. State, 409 So.2d 1051 (Fla. 1982), the court disapproved the holding in Ledee v. State, 342 So.2d 100 (Fla. 3d DCA 1977), in which the Third District Court of Appeal had relied on Joyner in finding that a probation revocation could not be based on a conviction which was pending on appeal. The Stevens court approved the reasoning of the Fifth District Court of Appeal that a probation revocation based on a subsequent conviction is proper although the conviction is subject to appeal, since a judgment of conviction is presumed to be correct until reversed.
Earlier, in McCrae v. State, 395 So.2d 1145 (Fla. 1980), cert. den., McCray v. Florida, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981), the court held that a conviction, used as an aggravating factor for the imposition of the death penalty under section 921.141(5)(b), means a plea of guilty accepted by the court, even without a formal adjudication of guilt. The court's opinion indicates that it does not consider Joyner dispositive of the meaning of the term "conviction" outside the context of the habitual offender statute.
In Prudential Insurance Company of America, Inc. v. Baitinger, 452 So.2d 140 (Fla. 3d DCA 1984), the court found that a "final judgment of conviction" under section 732.802, which precludes a convicted murderer from receiving insurance benefits when the victim was the insured, means an adjudication of guilt by the trial court, notwithstanding a pending appeal, citing DePaulis v. Judges of District Court of Appeal, Fourth District, 373 So.2d 663 (Fla. *1366 1979),[6] and Weathers v. State, 56 So.2d 536 (Fla. 1952),[7] and distinguishing Joyner on the ground that the respective controlling statutes had different purposes.
Having considered these and other authorities, and the context in which the term is used in section 790.23, we hold that a defendant is "convicted", for purposes of that statute, when he is adjudicated guilty in the trial court, notwithstanding the fact that he has the right to contest the validity of the conviction by appeal or by other procedures.[8] Our conclusion is based upon the presumptive correctness of a criminal conviction, which allows it to be relied on for the essentially regulatory purpose of prohibiting convicted felons from possessing firearms, and the fact that a pending appeal of the predicate conviction is irrelevant to the legislative purpose of protecting the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated their unfitness to be entrusted with such dangerous instrumentalities.[9] This interpretation of section 790.23 is supported by decisions from other jurisdictions having similar statutory provisions.[10]
We acknowledge conflict with the holding in Wheeler v. State and note the distinction *1368 between Wheeler and this case, that this appellant's predicate conviction had been affirmed at the time he illegally possessed the firearm at Suwannee Springs. Technically, we could perhaps affirm appellant's conviction on the firearm possession charge by rejecting his claim that his knowledge of this court's mandate on his prior appeal was required in order for a violation of the statute to have occurred, assuming that disposition of the pending appeal was a prerequisite to conviction on the latter charge. We decline to do so, however, because the holding in Wheeler is incorrect and may, if left unchallenged, mislead members of the bench and bar, as well as members of the general public, into thinking that the Florida Legislature intended to allow convicted felons to possess firearms during the pendency of their appeals or other petitions for postconviction relief.[11] Our holding on this point moots appellant's "knowledge" argument.
However, even if we were to assume, for the sake of argument, that appellant was not prohibited from carrying a firearm until his conviction was affirmed on appeal, and that he was not made aware of this court's opinion issued on July 23 or the mandate issued on August 8, it is undisputed that he was a convicted felon at the time he was arrested on August 17 for carrying a firearm. A defendant's knowledge of his status as a convicted felon is not an essential element which must be proved in order to sustain a conviction for violation of section 790.23, although in most cases the State's proof of the predicate conviction carries with it proof of the defendant's knowledge of the conviction.[12]
The "lack of knowledge defense" to the offense of possession of a firearm by a *1369 convicted felon is available only to a defendant who was not aware of his possession of a firearm, not to a defendant who asserts that he is entitled to carry a firearm until he has been notified of the disposition of the appeal of his predicate conviction.
We find merit in neither of appellant's arguments. His conviction is AFFIRMED.
JOANOS, J., concurs.
ERVIN, J., concurs with written opinion.
ERVIN, Judge, specially concurring.
Although I concur with the majority in affirming defendant's conviction for possession of a firearm by a convicted felon, I see no need on this record to reach the conclusion, as has the majority, that "a defendant is `convicted', for purposes of that statute, when he is adjudicated guilty in the trial court, notwithstanding the fact that he has the right to contest the validity of the conviction by appeal or by other procedures." Ante at 1366 (footnote omitted). I would affirm for the simple reason that at the time of the commission of the felonious possession of the firearm offense, mandate on the decision affirming appellant's earlier convictions had both been issued and a copy of the same received by appellant's attorney. Under the circumstances, whether the defendant had received actual notice of the issuance of the mandate of the affirmance of those convictions as of the date that he committed the later offense is, in my judgment, immaterial.
Florida Rule of Appellate Procedure 9.340(a) requires the clerk of the appellate court to serve a copy of the mandate, or a notice of its issuance, on all parties. Rule 9.420(c)(1) provides that when a party is represented by an attorney, "service shall be made upon the attorney unless service upon the party is ordered by the court." The record before us indisputably discloses that appellant's attorney received the mandate at least two days prior to the commission of the offense which is the subject of this appeal. There is then no necessity for determining that a conviction occurs at the time of adjudication of a defendant's guilt for an earlier felony in order to charge one with the later offense of possession of a firearm in his status as a convicted felon.
In considering the factual distinction between that in the case at bar and in Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985), i.e., that Wheeler's earlier conviction had not been affirmed until after the commission of felonious possession of a firearm, I would not go so far as to hold, as does the majority, that Wheeler is incorrect and could mislead the public, members of the bench and bar into thinking that the Florida Legislature intended to permit convicted felons to possess firearms during the pendency of their appeals. It may very well be, as the majority suggests, that Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), should be limited to the specific facts before the Joyner court: a prohibition from enhancing criminal penalties under the habitual offender statute if the appeal from the earlier convictions is still pending at the time one is charged as a habitual offender for enhancement purposes. Yet, it is unclear from the following broad statement in Joyner whether the court so intended to limit its decision: "If an appeal has been taken from a judgment *1370 of guilty in the trial court that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court." Id. 30 So.2d at 305.
To conclude, the majority's interpretation of Section 790.23, Florida Statutes  that its proscription applies to one at the time of his adjudication of guilt for a prior felony, regardless of the status of a pending appeal during the commission of the firearm offense  may be correct. I simply feel it unnecessary to reach such interpretation, given the facts at bar.
NOTES
[1] Burkett v. State, 491 So.2d 1146 (Fla. 1st DCA 1986).
[2] Appellant acknowledges that in most situations a convicted felon is aware of his legal status because his presence is required at pronouncement of the judgment and sentence.
[3] Appellant cites no authority to support this assertion. Section 944.292, Florida Statutes (1985), provides:

Upon conviction of a felony as defined in s. 10, Art. X of the State Constitution, the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to s. 8, Art. IV of the State Constitution.
The right to possess a firearm is a "civil right" suspended under this section. Thompson v. State, 438 So.2d 1005 (Fla. 2d DCA 1983). We have found no cases which discuss the precise meaning of the terms "convicted" and "conviction" in the context of this statute.
Section 40.013(1), Florida Statutes (1985), provides:
No person who is under prosecution for any crime, or who has been convicted in this state, any federal court, or any other state, territory, or country of bribery, forgery, perjury, larceny, or any other offense that is a felony in this state or which if it had been committed in this state would be a felony, unless restored to civil rights, shall be qualified to serve as a juror.
Again, we have found no cases which discuss the precise meaning of the terms "convicted" and "conviction" in the context of this statute. However, a 1949 Attorney General Opinion indicates that a defendant loses his civil rights when he is adjudged guilty by the court and sentence has been pronounced. 1949 Op.Atty.Gen. Fla., p. 623.
Section 97.041(3)(b), Florida Statutes (1985), provides that "Persons convicted of any felony by any court of record and whose civil rights have not been restored" are not entitled to register or to vote.
Again, we have found no cases which discuss the precise meaning of the terms "convicted" and "conviction" in the context of this statute. A 1964 Attorney General Opinion indicates that a defendant is convicted of a felony when the court adjudges that he is guilty, although sentence is suspended and he is placed on probation, but if he is placed on probation without being adjudicated guilty, he has not been convicted and does not lose his civil rights. Op. Atty.Gen. Fla. 064-163 (Nov. 6, 1964). A 1960 Attorney General Opinion indicates that a conviction of a felony in a trial court would not disqualify the defendant as an elector, candidate for office or office holder when an appeal is prosecuted from the conviction, unless the appeal is disposed of by the appellate court. Op. Atty.Gen. Fla. 060-45 (March 8, 1960).
[4] Florida Rule of Criminal Procedure 3.701(d)(2).
[5] Smith v. State, 75 Fla. 468, 78 So. 530 (Fla. 1918).
[6] In DePaulis, the court held that a nonindigent defendant was required to supply the Attorney General's office with a copy of the trial transcript which he had designated as part of the record on appeal, and that this requirement did not violate the provision of the Florida Constitution that no person charged with crime shall be compelled to pay costs before the judgment of conviction has become final, finding that the constitutional language concerning a final judgment of conviction was intended to mean adjudication of guilt by the trial court.
[7] In Weathers, the court held that "conviction" of a principal, prerequisite to the conviction of an accessory, means an adjudication of guilt, irrespective of the sentence (in that case the sentence had been deferred), and quoted legislative language to the effect that it is a "final judgment of conviction" from which a defendant has the right to appeal.
[8] State v. Davis, 203 So.2d 160 (Fla. 1967).
[9] See DePugh v. United States, 393 F.2d 367 (8th Cir.), cert. den., 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968).
[10] See Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), discussed in United States v. Bagley, 659 F. Supp. 223 (W.D. Wash. 1987), in which the Court held that section 1202(a)(1) "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds," concluding that the statutory scheme, which focuses "on the nexus between violent crime and the possession of a firearm by a person with a criminal record," seeks to prohibit categories of presumptively dangerous persons from transporting and receiving firearms, and suggesting that Congress intended a defendant who has been indicted or convicted to clear his status before obtaining a firearm.

The other federal courts have upheld convictions under federal firearms statutes in the following cases:
United States v. Pennon, 816 F.2d 527 (10th Cir.1987), cert. denied ___ U.S. ___, 108 S.Ct. 506, 98 L.Ed.2d 504 (1987) (a person on probation under the Oklahoma Deferred Judgment Act was "convicted" for purposes of the federal firearm possession statute);
United States v. Bruscantini, 761 F.2d 640 (11th Cir.), cert. den., Bruscantini v. United States, 474 U.S. 904, 106 S.Ct. 271, 88 L.Ed.2d 233 (1985) (the defendant was a convicted felon at the time of his arrest for receiving firearms although he had pleaded nolo contendere to the predicate charge and adjudication had been withheld; judicial precedent holding, for purposes of the disability imposed by the federal gun control laws, that a plea of guilty to the disqualifying crime and its notation by the state court followed by a sentence of probation is equivalent to being "convicted," although the conviction is expunged following a successfully served term of probation, can be applied retroactively);
United States v. Garcia, 727 F.2d 1028 (11th Cir.1984) (the fact that adjudication was withheld when the defendant pled nolo contendere to the predicate felony charge did not preclude a conviction for receiving ammunition after having been convicted of a felony);
United States v. Woods, 696 F.2d 566 (8th Cir.1982) ("a conviction need not be final to subject a person to the restrictions of § 1202 and a person can be prosecuted under the section even while appeal of his predicate conviction is pending");
United States v. MacGregor, 617 F.2d 348 (3rd Cir.1980) (firearms possession conviction upheld despite the later reversal of the predicate conviction);
United States v. Lehmann, 613 F.2d 130 (5th Cir.1980) (the defendant, who had received a suspended eight year sentence under a Texas statute providing that a suspended sentence and probation precludes a conviction being final, had been "convicted" for purposes of the federal firearms possession statute);
United States v. Padia, 584 F.2d 85 (5th Cir.1978) (Texas court's action expunging a conviction following successful completion of probation did not alter the defendant's status as a convicted felon under the federal gun control laws);
United States v. Allen, 556 F.2d 720, 43 A.L.R. Fed. 329 (4th Cir.1977) (under the Gun Control Act, Congress intended to restrict the disposition of firearms to those with standing felony convictions, even though the convictions might later be found invalid);
United States v. Locke, 542 F.2d 800 (9th Cir.1976) (firearms possession conviction upheld where the defendant had pled guilty to the predicate felony and had been placed on probation, sentence withheld);
United States v. Samson, 533 F.2d 721 (1st Cir.), cert. den., Samson v. United States, 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116 (1976) (under section 1202 which prohibits a person's receiving a firearm in commerce after having been convicted of a felony, whether a final conviction is meant is a matter of legislative intent; if the disability imposed is sufficiently serious (enhanced sentence as habitual offender, license revocation) it may be appropriate to take the more restrictive meaning; where the consequences are relatively slight compared with the gravity of the public interest sought to be protected, "convicted by a court" should be given its "normal meaning," to include convictions pending on appeal);
United States v. Wooten, 503 F.2d 65 (4th Cir.1974) (firearm possession conviction was properly predicated on a conviction pending on appeal which was later affirmed);
United States v. Andrino, 497 F.2d 1103 (9th Cir.), cert. den., Andrino v. United States, 419 U.S. 1048, 95 S.Ct. 621, 42 L.Ed.2d 642 (1974) (expungement of state felony convictions did not preclude the defendant's being considered a convicted felon within the federal firearms statutes where the expungement statute precluded possession of firearms);
United States v. Liles, 432 F.2d 18 (9th Cir.1970) (the defendant's unlawful possession of a firearm was not made lawful by the subsequent reversal of his predicate felony conviction, the court noting that section 1202 contains no requirement that the predicate conviction be finally upheld on appeal, that "subjecting a person to a penalty based on a status short of final conviction for a crime is not rare," and that Congress did not intend to exempt from the statute one whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred);
United States v. Bagley, 659 F. Supp. 223, 228 (W.D.Wash. 1987) (reversal on constitutional grounds of the predicate narcotics conviction did not require vacation of the firearms possession convictions because the rationale behind the firearms statutes, different from the increased punishment rationale behind the recidivist statutes, was concern for the public safety and "a desire to err on the side of prudence and to try to keep firearms away from those believed to pose a greater threat to the community until their status as convicted felons is cleared"); United States v. Torres, 616 F. Supp. 499 (D.P.R. 1985) (a conviction on appeal is nonetheless a predicate offense under federal firearms statutes); and
United States v. Rosenstengel, 323 F. Supp. 499 (E.D.Mo. 1971) (Once guilt has been established by a plea or by a verdict, and nothing remains to be done except pass sentence, a defendant has been convicted within the intendment of Congress, for purposes of the firearms possession statute).
See also:
United States v. Currier, 821 F.2d 52 (1st Cir.1987) (the statutory language unambiguously precludes consideration only of convictions that have been "shown" to be invalid; a conviction undergoing appeal has not yet been "shown" to be invalid, and may be considered as a predicate offense for dangerous special offender sentencing under 18 U.S.C. § 3575);
Newton v. Superior Court of California, 803 F.2d 1051 (9th Cir.1986), cert. den., ___ U.S. ___, 107 S.Ct. 2464, 95 L.Ed.2d 873 (1987) (the striking of a sentence enhancing allegation in a prior criminal proceeding did not collaterally estop the state from alleging the prior conviction as an element of the substantive offense in an unrelated prosecution for possessing a concealable firearm by a felon);
United States v. Pruner, 606 F.2d 871 (9th Cir.1979) (the defendant's previous state conviction was a crime punishable by imprisonment for term exceeding one year, even though under California law his crime was a misdemeanor based on the sentence actually imposed; the court noted, "we look to state law solely to determine whether the maximum permissible prison term exceeds one year," and held that the misdemeanor exception was inapplicable in this case because the predicate conviction involved a firearm).
But cf. U.S. v. Howze, 668 F.2d 322 (7th Cir.1982) (a defendant cannot attack his guilty plea on state criminal charges for the first time in a subsequent federal prosecution for unlawful receipt of a firearm by a convicted felon if the plea was defective only because of failure to comply with formal requirements of state criminal procedure rules; however, if the plea was constitutionally defective, it is subject to collateral attack), and United States v. Matassini, 565 F.2d 1297 (5th Cir.1978) (a Florida pardon granted prior to enactment of the 1968 federal statute exempted the defendant from criminal liability for firearms possession by a convicted felon).
State courts have upheld convictions under firearms possession statutes in the following cases: Clark v. State, 739 P.2d 777 (Alaska Ct. App. 1987) (it was a violation of the law to possess a concealable firearm while the underlying conviction was on appeal, notwithstanding that the conviction was later reversed);
Berg v. State, 711 P.2d 553 (Alaska Ct. App. 1985) (a defendant could be convicted of possession of a firearm by a convicted felon while the predicate conviction was on appeal and the sentence stayed);
People v. Holzer, 102 Cal. Rptr. 11, 25 Cal. App.3d 456 (1972) (where the defendant had pled guilty to a narcotics charge and was placed on probation, then possessed a firearm, and then was sentenced to one year for violating probation, the narcotics conviction could be used as the predicate felony for the firearm possession charge);
State v. Watie, 223 Kan. 349, 573 P.2d 1034 (1978) (within the meaning of the statute, a defendant stands convicted of a felony during the pendency of his appeal from the conviction, and possession of a firearm proscribed by the statute is prohibited to the defendant until such time as his conviction is set aside);
State v. Holmes, 222 Kan. 212, 563 P.2d 480 (1977) (a defendant whose nolo contendere plea had been accepted but who had not yet been sentenced had been "convicted" of a felony for purposes of the firearm possession statute, which was meant to keep certain dangerous weapons out of the hands of convicted felons because they are a danger to society);
State v. Carr, 487 So.2d 147 (La. Ct. App. 4th Cir.1986) (the fact that the defendant had not been sentenced on her cocaine conviction did not preclude the use of the conviction as a predicate offense for a charge of possession of a firearm by a convicted felon);
State v. Bailey, 461 So.2d 336 (La. Ct. App. 2d Cir.1984) (a conviction need not be finally adjudicated as valid by the appellate court to serve as the predicate for the charge of possession of a firearm by a convicted felon);
State v. Heald, 382 A.2d 290 (Me. 1978) ("conviction" in the context of the statute means a conviction at trial level, rather than one which has become finalized either through the appellate process or through failure to appeal);
State v. Anderson, 10 Or. App. 34, 497 P.2d 1218 (1972), appeal dismissed, Anderson v. Oregon, 410 U.S. 920, 93 S.Ct. 1362, 35 L.Ed.2d 582 (1973) (arson conviction pending on appeal could be used as the predicate felony);
State v. Brown, 6 Or. App. 523, 488 P.2d 856 (1971), reversed on other grounds, 262 Or. 442, 497 P.2d 1191 (1972) ("policy considerations underlying the prohibition against convicted felons carrying concealable firearms support a holding that the pendency of an appeal should not affect the conviction underlying the prohibition").
[11] We do not address at this point the question of whether a person whose predicate felony conviction is later overturned could be convicted of illegal possession of a firearm during the pendency of his appeal, but we note that other jurisdictions (cited in the preceding footnote) have considered the issue.
[12] The following jurisdictions have found that a defendant's knowledge of his status as a convicted felon is not an element of the offense of possession of a firearm by a convicted felon: Newton v. Superior Court of California, 803 F.2d 1051 (9th Cir.1986), cert. den., ___ U.S. ___, 107 S.Ct. 2464, 95 L.Ed.2d 873 (1987); United States v. Indelicato, 800 F.2d 1482 (9th Cir.1986); United States v. Shomo, 786 F.2d 981 (10th Cir.1986); United States v. Bruscantini, 761 F.2d 640 (11th Cir.), cert. den., Bruscantini v. State, 474 U.S. 904, 106 S.Ct. 271, 88 L.Ed.2d 233 (1985); United States v. Schmitt, 748 F.2d 249 (5th Cir.1984), cert. den., Schmitt v. United States, 471 U.S. 1104, 105 S.Ct. 2333, 85 L.Ed.2d 850 (1985); United States v. Johnson, 683 F.2d 1187 (8th Cir.1982); United States v. Oliver, 683 F.2d 224 (7th Cir.1982); United States v. Pruner, 606 F.2d 871 (9th Cir.1979); United States v. Locke, 542 F.2d 800 (9th Cir.1976); United States v. Goodie, 524 F.2d 515 (5th Cir.1975), cert. den., Goodie v. United States, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976); and Clark v. State, 739 P.2d 777 (Alaska App. 1987).

But cf. United States v. Tallmadge, 829 F.2d 767 (9th Cir.1987) (under the doctrine of entrapment by estoppel, a defendant who was told by a federally licensed firearms dealer that he could purchase firearms despite his prior conviction of felonious possession of a machine gun after the charge had been reduced to a misdemeanor could not be prosecuted for the federal firearms offense).