STATE OF NEBRASKA, APPELLEE, V. TAMMY L. MOORE, APPELLANT.
527 N.W.2d 223

Filed February 7, 1995.   No. A-94-624.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN and MILLER-LERMAN, Judges, and NORTON, District Judge, Retired.

MILLER-LERMAN, Judge.

Tammy L. Moore appeals her conviction by the district court for Hall County of being a felon in possession of a firearm, a violation of Neb. Rev. Stat. § 28-1206(1) (Reissue 1989). Moore claims that she was not a felon on September 7, 1993, the date on which she was admittedly in possession of a .25-caliber semiautomatic pistol with a barrel of less than 18 inches. For the reasons recited below, we affirm.

### ASSIGNMENT OF ERROR

On appeal, Moore raises one assignment of error, namely that she was not a felon for purposes of § 28-1206(1) on September 7, 1993. Moore notes that she was convicted of the Class III felony of manufacturing marijuana, Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1992), on January 22, 1992, which conviction was affirmed by this court on March 16, 1993, in *State v. Moore*, 2 NCA 873 (1993), but that she was not directed to report to probation to commence serving her sentence until December 3, 1993. Moore argues that because the execution of sentence on her prior felony conviction commenced in December 1993, which was after the possession of a firearm incident on September 7, she was not yet a felon on September 7. The State argues that Moore was a convicted felon on September 7 because her conviction had not been set aside.

### STANDARD OF REVIEW

The legal issue of whether Moore was a felon for purposes

of § 28-1206 is an issue of statutory construction, in connection with which an appellate court has the obligation to reach an independent, correct conclusion irrespective of the determination of the trial court. See *Kuhl v. Skinner*, 245 Neb. 794, 515 N.W.2d 641 (1994).

## ANALYSIS

At the bench trial, the parties stipulated to the following facts which are substantiated by the record: Moore was charged with the manufacture of marijuana on May 29, 1991; was convicted of this charge by a jury on January 22, 1992; and was sentenced to 3 years' probation on March 5, 1992. Her conviction was affirmed on March 16, 1993. The record shows that the mandate of the Nebraska Court of Appeals was filed with the clerk of the district court on April 8, 1993. The parties stipulated that on September 7, 1993, officers were called to Moore's Grand Island address regarding gunshots and that Moore was in possession of a firearm. At sentencing in the instant case, defense counsel indicated that Moore was shooting at a stray cat which was causing a disturbance. Finally, the record shows that the execution of mandate from the prior case, directing Moore to report to the probation office, was filed on December 3, 1993.

Moore correctly notes that the status of being a felon is an element of the crime of possession of firearms by a felon or a fugitive from justice, set forth in § 28-1206(1). Section 28-1206 reads in relevant part: "Any person who possesses any firearm with a barrel less than eighteen inches in length . . . and who has previously been convicted of a felony . . . commits the offense of possession of firearms by a felon . . . ." Moore argues that the expression "previously been convicted of a felony" must be read in connection with other penal statutes. Moore claims that because the execution of sentence is "suspended" pending appeal under Neb. Rev. Stat. § 29-2301 (Cum. Supp. 1994), a defendant is not a convicted felon until the sentence is both affirmed and executed.

Statutory language should be given its plain and ordinary meaning. *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). Under Nebraska law in a criminal case, the judgment

occurs when the verdict and sentence are rendered by the court. *State v. Nash*, 246 Neb. 1030, 524 N.W.2d 351 (1994). Under § 29-2301, the execution of sentence is suspended "until such time as the appeal has been determined." Although by statute the execution of a sentence is suspended until the appeal is decided, neither § 29-2301 nor § 28-1206(1) adds the further qualification propounded by Moore that the conviction is abated until a defendant is serving his or her sentence following an affirmance. This court declines Moore's invitation to add these qualifiers to an otherwise plainly written statute.

In interpreting "conviction," as that word was used in the statute designed to enhance a driving while intoxicated charge which was then in effect, the Nebraska Supreme Court noted in connection with the prior conviction requirement that "[t]he actual service of imprisonment or the payment of a fine has nothing to do with the question of determining whether a [prior] conviction has or has not been had." *Danielson v. State*, 155 Neb. 890, 894, 54 N.W.2d 56, 58 (1952). We logically apply this interpretation of the term "conviction" to § 28-1206(1) and hold that a previously convicted defendant whose conviction has been affirmed need not have commenced serving his or her sentence to be subsequently properly charged and convicted as a felon in possession of a firearm.

The interpretation we give to the felon in possession of a firearm statute is consistent with the treatment of similar statutes in other jurisdictions. See, *Burkett v. State*, 518 So. 2d 1363 (Fla. App. 1988); *State v. Watie*, 223 Kan. 349, 573 P.2d 1034 (1978); *State v. Anderson*, 10 Or. App. 34, 497 P.2d 1218 (1972). Although the federal statute has since been amended, see 18 U.S.C. § 922(g) (1988), we note that the prohibition against transporting firearms in interstate commerce had historically been broadly extended under federal statutes to include those merely indicted as well as to those convicted of felonies. *DePugh v. United States*, 393 F.2d 367 (8th Cir. 1968), *cert. denied* 393 U.S. 832, 89 S. Ct. 101, 21 L. Ed. 2d 102. Indeed, it had been held that notwithstanding the fact that the underlying state indictment was quashed, the federal conviction for possession of firearms could stand. *Id.*

It has been said that the rationale underlying the prohibition

against certain persons carrying firearms is " 'to protect the public by preventing the transportation and possession of firearms and ammunition by those who, by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities . . . .' " *Id.* at 370 (quoting *Cases v. United States*, 131 F.2d 916 (1st Cir. 1942), *cert. denied, Velazquez v. United States*, 319 U.S. 770, 63 S. Ct. 1431, 87 L. Ed. 2d 1718 (1943)). We find this policy consideration to be consistent with our holding in the instant case.

For the reasons recited above, we affirm.

AFFIRMED.